**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MATTHEW LOEPER,**

       **Plaintiff,**

**v.**                                 **Case No:   6:16-cv-950-Orl-40GJK**

**TURNER COUNTY BOARD OF**
**EDUCATION and JERE R. JORDAN,**

       **Defendants.**

_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **THE [DEFENDANTS'] AMENDED MOTION TO QUASH PURPORTED SERVICE OF PROCESS (Doc. No. 14)** |
| **FILED:** | **June 10, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

I.    **BACKGROUND.**

    On April 28, 2016, Plaintiff filed a complaint in Florida's Ninth Judicial Circuit Court in and for Orange County, Florida, arising out of a motor vehicle accident, against the Turner County Board of Education and Jere R. Jordan (collectively, the "Defendants"), which alleges negligence and vicarious liability. Doc. No. 2 at 1-4. On June 1, 2016, Defendants filed a Notice of Removal on the basis of diversity jurisdiction. Doc. No. 2. On June 10, 2016, Defendants filed an Amended Motion to Quash Purported Service of Process (the "Motion"), requesting dismissal for Plaintiff's alleged failure to serve Defendants in compliance with Sections 48.161(1) and 48.171, Florida

Statutes. Doc. No. 14 at 1-11. Plaintiff did not file a response to the Motion. The Case Management & Scheduling Order provides that "[w]here no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed." Doc. No. 24 at 7. Accordingly, the Motion was unopposed.

The undersigned then entered a Report and Recommendation on August 9, 2016, recommending that the Motion be granted and the case dismissed. Doc. No. 26. Although Plaintiff never responded to the Motion, Plaintiff did file a response to the Report and Recommendation, arguing that service was perfected and Turner County waived its right to object to service of process by filing an Answer. Doc. No. 30. Plaintiff attached its return receipt of certified mail to Jordan as one of the exhibits to the response. Doc. No. 30-1. Turner County also responded to the Report and Recommendation, informing the Court that it answered the Complaint and stating that "requir[ing] the Plaintiff to re-serve Turner County in this action would needlessly delay these proceedings . . . ." Doc. No. 27 at 4. After receiving these responses to the Report and Recommendation, the Court vacated it. Doc. No. 40.

It is ironic that Turner County responded to the original Report and Recommendation with a plea to not needlessly delay these proceedings. The parties' actions have needlessly delayed this proceeding. First, Plaintiff could have filed its documents demonstrating service of process by responding to the Motion, as provided by Local Rule 3.01(b), as those documents are dated May 2016, and the Motion was filed on June 10, 2016. Doc. No. 30-1 at 5-8. Second, Turner County should have withdrawn its Motion once it decided not to contest service of process. The parties' failure to do either one of these actions resulted in a waste of Court resources. Counsel are admonished to comply with the Local Rules and keep the Court fully informed of pertinent developments.

II.   **ANALYSIS.**

As Turner County withdrew its request to quash service, the undersigned's analysis focuses solely on whether Jordan was properly served. Pursuant to Rule 4(e)(1), Federal Rules of Civil Procedure, an individual may be served by following state service of process law for the state where the district court is located or where service is made. Therefore, even though Jordan is a Georgia resident (Doc. No. 14 at ¶ 3), he may be served in accordance with Florida law. Fed. R. Civ. P. 4(e)(1).

On May 2, 2016, prior to removal, Plaintiff filed affidavits of service stating: "[s]ervice has been or will soon be made upon [Mr. Jordan] by service upon the [Florida] Secretary of State as authorized by Florida Statutes 48.171, 48.161." Doc. No. 1-1 at 46. Thus, Plaintiff attempted to serve Jordan in accordance with Florida's non-resident substitute service statutes. Doc. Nos. 1-1 at 46 (affidavit of service); 14 at ¶ 9.

Section 48.171, Florida Statutes, provides that a non-resident motorist that accepts the privilege of operating a motor vehicle in Florida "constitutes the Secretary of State" as his agent for service of process with respect to any civil action begun in Florida arising out of a motor vehicle accident or collision. *Id.* Section 48.161(1), Florida Statutes, provides the proper method of substituted service on a non-resident defendant. *Id.* It states:

> When authorized by law, substituted service of process on a nonresident . . . by serving a public officer designated by law shall be made by . . . mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. <u>Notice of service</u> and a copy of the process <u>shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows</u> . . . .

Fla. Stat. § 48.161(1) (2016) (emphasis added). Thus, a non-resident defendant sued in Florida, as a result of his operation of a motor vehicle and involvement in a motor vehicle accident in Florida, may be served by serving the Secretary of State and sending notice of the same to the defendant by registered or certified mail. *Id*. Moreover, the plaintiff is required to file a return receipt and affidavit demonstrating compliance with section 48.161(1) on or before the return day of process.

In this case, Plaintiff's affidavit is equivocal and does not demonstrate compliance with the requirements of section 48.161(1), because it states that Jordan has been or will soon be served under sections 48.161 and 48.171. Doc. No. 30-1 at Ex. E ¶ 4. As an exhibit to his response to the original Report and Recommendation, on August 23, 2016, Plaintiff filed the return receipt for delivery of the Summons, Complaint, Interrogatories, Request for Production and Request for Admissions to Jordan. *Id.* at Ex. C. The return day of process was May 30, 2016,[1] as the Secretary of State accepted service for Jordan on May 9, 2016, and this action was pending in Florida state court at the time. Because Plaintiff filed the return receipt almost three months late, Plaintiff has not perfected service under sections 48.161(1) and 48.171.[2] *Cohen v. Aponte*, 24 So. 3d 807, 809 (Fla. Dist. Ct. App. 2010) (reversing trial court and ordering service quashed where plaintiff served the Secretary of State and failed to timely file the return receipt under section 48.161(1)).

## III.  CONCLUSION.

Based on the foregoing, it is **RECOMMENDED** that:

---

[1] May 29, 2016, was a Sunday.

[2] Plaintiff did not ask the Court for an extension of time to file the return receipt, nor does Plaintiff allege that Jordan is concealing his whereabouts or that Plaintiff exercised due diligence in attempting to locate Jordan. See *Chapman v. Sheffield*, 750 So. 2d 140, 143 (Fla. Dist. Ct. App. 2000) (court may not require filing of return receipt where defendant is concealing his whereabouts or plaintiff asserts due diligence in attempting to find defendant).

1. The Motion (Doc. No. 14) be **GRANTED IN PART AND DENIED IN PART**. It is recommended that the Motion be **GRANTED** as to Jordan, and **DENIED AS WITHDRAWN** as to Turner County; and

2. Pursuant to Rules 12(b)(2), (4), and (5), Federal Rules of Civil Procedure, the case be **DISMISSED WITHOUT PREJUDICE** as to Jordan to allow Plaintiff an opportunity to perfect service on Jordan.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 15, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy